[*] *Laws of N. Y. Greenleaf's Ed.* 1 vol. 28. sec. 5. 2 *Caines*, 164. *Jackson* v. *Prevost.*

## Steevens and Waters, *against* Clancey, Assignee of the Sheriff of Montgomery.

THIS cause came before the court on the return to a writ of error to the court of *common pleas* of the county of *Montgomery*. The present defendant in error brought his action against one of the plaintiffs in error in the court below on a bail-bond. The declaration stated, that whereas, &c. the plaintiff had sued out of the court of common pleas of the said county, before the judges, &c. the said court then being held at *Johnstown, in said county,* a certain writ, &c. It then stated the arrest and that the defendants became bail to the sheriff, and executed a bail-bond with a condition, that the defendant, *Steevens*, should appear *before the judges and assistant justices of the court of common pleas, to be held at the court-house, in Johnstown, on the second Tuesday in June then next, &c.* and then avers the breach, &c. that the defendant did not appear according to the exigency of the writ, and according to the form and effect of the condition of the said obligation, &c. The defendants below demurred to the declaration, and assigned for causes of demurrer, 1. That the declaration did not sufficiently set forth at what court the defendant was to appear and answer, &c. 2. That it did not appear at which of the courts of common pleas the defendant was bound to appear, &c. The court below overruled the demurrer and gave judgment for the plaintiff.

If in a bail-bond, the suit, court, and place of the defendant's appearance are set forth substantially, it is sufficient.

Livingston
v.
Delafield.

*Van Vechten* for the plaintiff in error. 1. As the statute prescribes the style of the court, this ought to be strictly followed. The place appointed for holding the court, is at the court-house in *Johnstown.* The bail-bond must be taken in the form of the writ, and if not pursuant to the form prescribed by the act, it is void. 2. The allegation of the breach does not state that the defendant was to appear before *a court,* but merely to appear before the *justices,* &c. The words " according to the exigency of the writ," will not help this defect. 3. There is not sufficient certainty as to the place ; it ought to have been averred that *Johnstown,* was in *Montgomery County,* for there are other towns, in different counties, of that name.

* 2 *Shower,* 51, 52.

*Hildreth,* contra. The averment that the party was to appear before the justices, and at the place mentioned in the act where the court was to be held, was sufficient. The defendant is bound to appear according to the exigency of the writ.* The bail ought to look at the writ, to know for what he undertakes. The bail-bond need not be precisely accurate and formal ; it is sufficient if it substantially appear, in what suit, and at what place, the defendant is to appear. All the rest may be supplied by legal intendment.†

† 2 *Levinz,* 123. 6 *Mod.* 237.

‡ 2 *Saunders,* 60. *a. b.* and the cases cited in the *notes.*

*Per Curiam.* The bail-bond was sufficiently descriptive and certain, as to the *court* and *place* of the defendant's appearance. The law only requires, that they should be substantially set forth in the bail-bond.‡ We think that the declaration was certain enough, as to the court at which the defendant was to appear, and these were all the causes of demurrer, on which the judgment was given in the court below.                              Judgment affirmed.